JOSEPH HOSKIE *v.* COMMISSIONER OF
CORRECTION
(AC 29128)

McLachlan, Robinson and Hennessy, Js.

Argued September 11—officially released October 21, 2008

*Laljeebhai R. Patel,* special public defender, for the appellant (petitioner).

*Laurie N. Feldman,* special deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Linda N. Howe,* senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Joseph Hoskie, appeals following the denial of his petition for a writ of habeas corpus alleging that the state's attorney at his criminal trial withheld exculpatory information in violation of the holding in *Brady* v. *Maryland,* 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). On appeal, the petitioner claims that it was improper for the habeas court to hold that the claimed information was not exculpatory and that there was no *Brady* violation.

The petitioner, following a trial to the court, was convicted of various criminal offenses.[1] The court sentenced the petitioner to a total effective term of twelve years, execution suspended after nine years, with five years probation that was to run consecutively to an unrelated four year sentence. The petitioner then filed a direct appeal.[2] This court affirmed the judgment of conviction. *State* v. *Hoskie,* 74 Conn. App. 663, 813 A.2d 136, cert. denied, 263 Conn. 904, 819 A.2d 837 (2003).

The petitioner subsequently filed a petition for a writ of habeas corpus in which he alleged that it was improper for the state's attorney to not disclose claimed exculpatory information. The petitioner claims that a disclosure by the victim sometime after the trial of

[1] Specifically, the petitioner was convicted of two counts of kidnapping in the first degree in violation of General Statutes § 53a-92 and one count of unlawful restraint in violation of General Statutes § 53a-95.

[2] On direct appeal, the petitioner claimed that the court improperly admitted prior misconduct evidence and allowed the state to qualify a police officer as an expert witness without notice prior to trial.

certain uncharged misconduct, in which the victim claimed that she was sexually abused by the petitioner but never reported it to the police, was exculpatory material.[3] The habeas court denied the petition on July 20, 2007. In its memorandum of decision, the court found that the petitioner had not been denied due process of law due to any alleged *Brady* violation. The court specifically found that the petitioner did not meet his burden to show that undisclosed exculpatory information actually exists. Further, the court found that "the most logical interpretation of the material is that it is *inculpatory*." (Emphasis in original.)

The United States Supreme Court has held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady* v. *Maryland*, supra, 373 U.S. 87; *State* v. *Walker*, 214 Conn. 122, 126, 571 A.2d 686 (1990). "To prevail on a *Brady* claim, the defendant bears a heavy burden to establish: (1) that the prosecution suppressed evidence; (2) that the evidence was favorable to the defense; and (3) that it was material." (Internal quotation marks omitted.) *State* v. *Burke*, 51 Conn. App. 328, 333, 723 A.2d 327 (1998), cert. denied, 248 Conn. 901, 732 A.2d 177 (1999).

"Whether the petitioner was deprived of his due process rights due to a *Brady* violation is a question of law, to which we grant plenary review. . . . The conclusions reached by the [habeas] court in its decision

---

[3] The respondent, the commissioner of correction, in her return to the petitioner's revised petition for a writ of habeas corpus, asserted the defense of procedural default, claiming that the petitioner could have raised this issue at the time of sentencing or in his direct appeal. The court did not address this claim in its memorandum of decision, and there was no articulation requested to address this claim; therefore, we will address the merits of the petitioner's claim.

to dismiss the habeas petition are matters of law, subject to plenary review. . . . Thus, [w]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record." (Citation omitted; internal quotation marks omitted.) *Walker* v. *Commissioner of Correction*, 103 Conn. App. 485, 491, 930 A.2d 65, cert. denied, 284 Conn. 940, 937 A.2d 698 (2007).

After our plenary review of the record as a whole, we conclude that the petitioner failed to introduce any credible evidence that the state's attorney failed to disclose exculpatory information to the petitioner. Further, the court's holding that there was no *Brady* violation is supported by facts in the record and is legally and logically correct. The court properly denied the petitioner's habeas petition.

The judgment is affirmed.